* Judge Wright
delivered the opinion of the court:
The counsel for the state urge a decree for the conveyance, because there was a contract between the parties which has been executed by the state; and insist that the statute of frauds and perjuries has no application to the case, because the proposition of Baum is in writing signed by him, and itself a contract; or, if held otherwise, that the statute of fraud and perjuries does not apply to the government, or regulate contracts made with it; and, in case this shall not be set up as a valid contract, that then the right of the state may be established, on the ground that this land has been dedicated to the use of the state.
We are unable to see what there is in the transaction disclosed, authorizing this court to interfere on the ground of a dedication to the public. The letter, if of any legal efficacy, is a proposition for a contract, and must be regarded only as such.
The assumption that the state, more than individuals, may enforce oral contracts for land, and is exempt from the provisions of the statute of fraud and perjuries, is too novel to be hastily adopted by this court. The claim for the state, that she may enforce descriptions of contracts against individual citizens, the execution of which, as between individuals, tends so strongly to encourage fraud and perjury as to. require the special interference of the general assembly, does not recommend itself to a favorable regard upon the first presentation of it.
It is, however, not necessary to discuss those questions, as the case may be disposed of upon acknowledged principles without. Equity will exercise a sound discretion in decreeing a specific performance of a contract, and will often refuse a decree and leave parties to their legal remedy, even where the circumstances would not warrant the setting aside the contract. 6 Johns. Ch. 111; 1 Cox, 402. So where the case is hard and unconscionable, or destitute of equity, the parties will be left to their remedies at law. 4 Pet. 328. They will be left where the agreement is voluntary without consideration paid, or defective in its terms, unless there is fraud, accident, or some unfairness alleged. 4 Johns. Ch. 499. So, if the terms of the contract be uncertain, though reduced to writing. 2 Sch. & Lef. 7; 1 Ves. Jr. 326; and equity will not supply the ambiguity. Bunb. 65; 1 Ves. & Bea. 524; 5 Pet. 276. An agreement must be certain, fair, and just in all its parts, or a performance will not be decreed.
*392 *Apply these principles to the case before the court. What certainty is there in the alleged contract? Baum made _a proposition for a contract, which required subsequent arrangement to adjust its details and settle its terms. The precise land intended to be granted, its quantity, location, the time, and the water to be used, were all loft open and unsettled when Baum died. The location of the mill-race, streets, and alleys were, it is true, settled in his lifetime; all the other matters remained at the time of his death subject to modification. Nor has the state performed, or made certain, its part of the contract. The canal was not finished at the commencement of the suit. It is only alleged to be in such a state of forwardness that the state will want the land, and be able to supply the water in the course of the coming summer, though she knows not exactly when the water can be used, or what quantity can be furnished to the Baums on lease, in execution of her part of the agreement. There is no certainty in this alleged contract. It is voluntary and hard; and the court is prematurely applied to for relief.
It is also without mutuality. A specific performance will not be decreed when the remedy is not mutual, as if only one party is bound by the agreement. 1 Johns. Ch. 282, 370. This contract would not be enforced by Baum’s heirs against the state, even if, not being sovereign, she could be sued. She incurred no obligation to do anything. As a purchase of land for hydraulic purposes, it is invalid without the sanction of the governor, which has never been given to it.
Upon the whole, then, we think the contract imperfect and ihchoate — hard and voluntary — without mutuality; and on either ground not to be decreed. As a donation, it can not be decreed. As a dedication, the claim is wholly destitute of legal foundation. If loss has accrued to the state, by reason of the imperfect state of papers or contract at the death of Baum, she must bear it. This court will not shift it from her to Baum’s heirs.
The bill is dismissed.